Filed 4/1/21  In re Terrell O. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re TERRELL O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRELL O.,<br><br>        Defendant and Appellant. | A159003<br><br>(Contra Costa County<br>Super. Ct. No. J0101545) |

In his third appeal, Terrell O. challenges the juvenile court's denial of his request to reenter foster care as a nonminor dependent.  While this appeal was pending, Terrell turned 21 years old.  Nonminor dependency cannot continue after a nonminor's 21st birthday.  (Welf. & Inst. Code, §§ 303, subd. (a), 11400, subd. (v)(1).)[1]  Because we cannot grant effective relief, we dismiss the appeal as moot.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.  We incorporate by reference our unpublished opinion in one of Terrell's prior appeals, *In re Terrell O.* (Feb. 25, 2021, A158205).  Terrell's 21st birthday was on March 27, 2021.  We requested and received supplemental briefs on mootness.

FACTUAL AND PROCEDURAL BACKGROUND

Terrell was born in late March 2000. He was declared a dependent and later, a ward of the court. Shortly before Terrell turned 18 years old, the court declared him a nonminor dependent and he began receiving Assembly Bill No. 12 benefits. (See California Fostering Connections to Success Act of 2010; Assem. Bill No. 12 (2009-2010 Reg. Sess.); Assem. Bill No. 212 (2011-2012 Reg. Sess.).) Eventually, the court designated Terrell a nonminor dependent within the court's transition jurisdiction.

In 2019, Terrell was arrested, charged with several crimes, and detained in county jail. While Terrell was incarcerated, the court terminated Assembly Bill No. 12 benefits and transition jurisdiction. The court retained general jurisdiction (§ 303) to permit Terrell to petition to resume jurisdiction. Terrell appealed.[2]

After being released from jail, Terrell filed a request to return to juvenile court jurisdiction and foster care. The court denied the request. It concluded Terrell was not living in an approved foster care placement and that reentering foster care was not in his best interest.

Terrell appealed. While the appeal was pending, Terrell turned 21 years old.

DISCUSSION

The juvenile dependency scheme "provide[s] that '[t]he court may retain jurisdiction over any person who is found to be a ward or a dependent child of the juvenile court until the ward or dependent child attains the age of 21 years.' " (*In re Shannon M.* (2013) 221 Cal.App.4th 282, 292.) Jurisdiction

---

[2] We affirmed the termination of Assembly Bill No. 12 benefits and transition jurisdiction. (*In re Terrell O.*, *supra,* A158205.)

cannot be extended after a nonminor turns 21. (*In re David B.* (2017) 12 Cal.App.5th 633, 645 (*David B.*); §§ 303, subd. (a), 11400, subd. (v)(1).)

" ' " ' 'A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " ' " (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 886.) It is our "duty to decide ' " 'actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*David B., supra,* 12 Cal.App.5th at p. 644.) "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.)

The parties agree—as do we—that the appeal is moot because Terrell is 21 years old and nonminor dependency jurisdiction cannot continue after age 21. (*David B., supra,* 12 Cal.App.5th at pp. 644, 653 [appeal challenging dismissal of dependency jurisdiction was moot after appellant turned 18 years old].) Even if we were to grant Terrell the relief he seeks and remand the matter back to the juvenile court, that court would have no jurisdiction to conduct further proceedings. In other words, we cannot grant effective relief. (*Id.* at pp. 650, 653.)

A court may " 'exercise its inherent discretion to resolve an issue when there remain "material questions for the court's determination" [citation], where a "pending case poses an issue of broad public interest that is likely to recur" [citation], or where "there is a likelihood of recurrence of the controversy between the same parties or others." ' " (*David B., supra,* 12 Cal.App.5th at p. 644.) We decline to exercise our discretion to consider the merits of this moot appeal. There are no material questions remaining for the court's determination. Additionally, the issues raised in this appeal

are fact-specific: whether Terrell was living in an eligible foster care placement, and whether the court's best interest finding is supported by sufficient evidence. As a result, Terrell's appeal does not pose a broad issue of public interest that is likely to recur. (*Id.* at p. 654.) Finally, because jurisdiction cannot be extended past age 21, any ruling we might make would not affect future proceedings involving Terrell. (*Ibid.*)

Terrell's reliance on *In re J.A.* (2020) 47 Cal.App.5th 1036 does not alter our conclusion. In that case, the appellate court considered the merits of a moot appeal because the issue—whether a pregnant mother's use of medical marijuana was a basis to exercise dependency jurisdiction—was "likely to recur." (*In re J.A.,* at pp. 1046, 1051.) The technical and fact-specific issues in this appeal bear no resemblance to the issue in *In re J.A.*

## DISPOSITION

The appeal is dismissed as moot.

_____
Seligman, J.*

WE CONCUR:


_____
Simons, Acting P. J.


_____
Needham, J.


A159003


---

\* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.